## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DAVID GONZALES,

        Petitioner,

v.                                     Case Number: 07-cv-15100
                                         Honorable Denise Page Hood

KENNETH ROMANOWSKI,

        Respondent.

_____/

### OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

Petitioner David Gonzales, a state inmate currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan,[1] filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his no-contest plea to (1) second-degree fleeing and eluding, MICH.COMP.LAWS § 750.479A4A, (2) possessing less than twenty-five grams of cocaine, MICH.COMP.LAWS § 333.7403(2)(a)(v), (3) possession of marijuana, MICH.COMP.LAWS § 333.7403(2)(d), (4) second-offense driving while license suspended, MICH.COMP.LAWS § 257.904(3), (5) furnishing a false operator's license, MICH.COMP.LAWS § 257.324, (6) possession of psilocybin, MICH.COMP.LAWS § 333.7403(2)(c), (7) resisting and obstructing a police officer, MICH.COMP.LAWS § 750.81d(1), and (8) malicious destruction of police property,

---

[1]Petitioner was incarcerated at Gus Harrison Correctional Facility, when he initially filed his habeas petition. However, he has since been transferred to the Ryan Correctional Facility. The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated petitioner is the warden of the facility where the petitioner is incarcerated. Rule 2(a) of the Rule Governing § 2254 Cases; *see also Edwards v. Johns*, 450 F.Supp.2d 755, 757 (E.D. Mich. 2006). In most cases where a petitioner is transferred to a different facility after the petition has been filed, the Court would order an amendment of the case caption. However, because the Court is denying the petition in this case, it finds no reason to do so.

MICH.COMP.LAWS § 750.377b.  On May 5, 2003, he was sentenced, as a habitual offender, fourth, MICH.COMP.LAWS § 769.12, to (1) twelve years, eight months to twenty-eight years in prison for the second-degree fleeing and eluding conviction, (2) three to fifteen years in prison for the possession of cocaine conviction, (3) three to fifteen years in prison for the resisting and obstructing conviction, and (4) two to fifteen years in prison for the destruction of police property conviction. Petitioner is currently serving those sentences.  Regarding the four misdemeanor convictions, the trial court sentenced Petitioner to 115 days, with credit for 115 days.  For the reasons stated below, the Court denies the petition.  The Court also declines to issue Petitioner a certificate of appealability and leave to proceed on appeal *in forma pauperis*, as any appeal would be frivolous.  Fed.R.App. 24(a).

## I.  BACKGROUND

At the plea hearing on April 2, 2003, Petitioner pleaded no contest to the above-stated charges.  The prosecutor, in reading the charges as outlined in the Information, stated the following:

> Therefore, the defendant is subject to enhanced penalties provided for by Michigan law, making the underlying offense of fleeing an[d] eluding a police officer in the second degree a felony punishable by up to life or any term of years.
>
> That [the] habitual offender status makes the defendant, in count two, punishable by a term of incarceration of up to 15 years for the offense of possession of less than 25 grams of cocaine.
>
> In count seven the habitual offender status works to increase the maximum possible penalty for the charge of resisting, obstructing, or assaulting a police officer to a maximum term of up to 15 years incarceration.
>
> With respect to count eight, the habitual offender status works to increase the maximum penalty to a term of incarceration of up to 15 years for the crime of malicious destruction of fire or police property.

(Plea Hr'g Tr. 11, Apr. 2, 2003.)

2

The trial judge then went on to explain to Petitioner the consequences of his no-contest plea, "that the three prior felonies have the effect of increasing the possible maximum sentences on these new felony counts." (Plea Hr'g Tr. 13-18, Apr. 2, 2003.) Petitioner indicated to the trial judge that he understood the effects his prior felonies had on increasing his sentences in this case. He also indicated that he understood the constitutional rights he was waiving. (Plea Hr'g Tr. 19-23, Apr. 2, 2003.) And, at the sentencing hearing on May 5, 2003, Petitioner told the trial judge that he reviewed the sentencing report, understood it, and did not believe that any additions or corrections needed to be made to the report. (Sentencing Hr'g Tr. 4, May 5, 2003.)

Following his sentencing, Petitioner filed a motion in the trial court, seeking to withdraw his plea or be re-sentenced. In that motion, Petitioner alleged that he was not served with notice of his habitual-offender status within the necessary twenty-one days of his arraignment, and that he was denied the effective assistance of counsel. After conducting a hearing, the trial court denied the request, noting Petitioner and his attorney both signed an acknowledgment of receipt. *People v. Gonzales*, No. 03-48412-FC (Muskegon County Circuit Court, Nov. 30, 2005).

Subsequent to that hearing, Petitioner filed a delayed application for leave to appeal that decision in the Michigan Court of Appeals, raising the following claims:

I. Whether he should be granted a re-sentencing without the fourth-felony habitual offender sentence enhancement because the prosecution did not serve the notice to seek an enhanced sentence on Petitioner or Petitioner's attorney within twenty-one days after the filing of the Information charging the underlying offense.

II. Whether Petitioner was denied effective assistance of counsel because the prosecution had neither filed nor served an Information and/or Supplemental Information before Petitioner and Petitioner's attorney signed the waiver of circuit court arraignment and the acknowledgment of receipt of the non-

existent Information and/or Supplemental Information relieved the
prosecution of its statutory duty to serve the notice of intent to seek and
enhanced sentence upon Petitioner or Petitioner's attorney.

On February 7, 2006, the Michigan Court of Appeals denied Petitioner's delayed application

"for lack of merit in the grounds presented." *People v. Gonzales*, No. 267316 (Mich.Ct.App. Feb.

7, 2006). Petitioner then filed an application for leave to appeal that decision in the Michigan

Supreme Court. On October 18, 2006, the Michigan Supreme Court, in lieu of granting leave to

appeal, remanded the case to the circuit court "for a factual determination of whether the

prosecutor's office served defense counsel with written notice of [the] fourth habitual offender

sentence enhancement within 21 days of the date that defendant waived his circuit court

arraignment." *People v. Gonzales*, 477 Mich. 891, 722 N.W.2d 222 (2006).

On remand, the trial court stated:

Defendant's preliminary examination was January 27, 2003. The information
was filed in the court records on Friday, January 31, 2003. Defense counsel Joseph
Fisher likely had the document in this office by Monday, February 3, 2003. Witness
Linda Knapp [] testified that she placed the public defender's copy of the information
into the "inter-office" mail by placing it in an envelope specifically designated for
Bonnie Potts (at Fisher's firm) on January 31, 2002. However, she did not deliver
it to Potts['s] or Fisher's officer. Fisher's firm had a "runner" who typically
retrieved the envelope and delivered it to his office.

Knapp's [] testimony was based upon the customary office practice. She
lacked personal knowledge about this part of the Gonzales case. However, there is
corroborating evidence. She testified that she sent the same package to three other
locations. No one called to say that anything was missing. Further, those
informations travel with a "bindover sheet" which lists all the bindovers for that
week. That provides the recipient with the knowledge to determine whether any
informations were missing.

Fisher's testimony was that he was familiar with the 21-day rule. The
information is "typically" in his file at the time of the pretrial conference. He would
have filed a motion if he, when he first examined the file in preparation for the
February 18, 2003 pretrial conference, saw that anything was missing or would have
provided relief under the rule. He never did.

4

The Supreme Court's order requires this court to determine whether defense counsel was **served** within 21 days of defendant's waiver. This handling does not qualify as "service" under the language in MCR 2.107(C). Fisher's saying that he considered it as personal service does not change that.

In conclusion, defense counsel Fisher actually received "the" information, with its habitual offender notice, within 21 days. However, it was not correctly served within 21 days.

*People v. Gonzales*, No. 03-48412-FH, at *2-3 (Muskegon County Circuit Court, Nov. 16, 2006)

(footnotes omitted).

Following the trial court's denial of his motion, Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied on December 28, 2006. *People v. Gonzales*, 477 Mich. 971, 725 N.W.2d 23 (2006).

Petitioner filed this habeas petition on November 30, 2007, challenging his no-contest plea convictions on the following ground:

> I.    Was Petitioner denied the effective assistance of counsel where the prosecution had neither filed nor served an information nor supplemental information before Petitioner and Petitioner's attorney signed the waiver to circuit court arraignment and acknowledgment of receipt of the non-existent and/or supplemental information relieved the prosecution of its statutory duty to serve the notice of intent to seek an enhanced sentence upon Petitioner or Petitioner's attorney?

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Court's habeas corpus review of state-court decisions and states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an

5

> unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F.3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

### III.  DISCUSSION

#### A.  Ineffective assistance of counsel claim

Petitioner claims trial counsel was ineffective for signing an acknowledgment of receiving the habitual-offender notice before actual receipt of that notice. Initially, the Court finds that Petitioner's claim itself has been waived by his plea.

Claimed violations of constitutional rights occurring before entering a plea are foreclosed by that plea. *United States v. Broce*, 488 U.S. 563, 569 (1989). As the Supreme Court explained in *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973):

> [A] guilty plea represents a break in the chain of events which has preceded it in the

criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

A criminal defendant is presented with a choice at the onset of proceedings.  He may require that the State prove the alleged crime, which includes the benefit of all the procedural safeguards established by the federal constitution, as well as appellate and collateral review of any asserted error.  Or, he may choose self-conviction by way of a guilty plea, through which he receives the benefit of any plea bargain, but foregoes the procedural safeguards and further review of any alleged errors or violations of his constitutional rights.  Accordingly, review should be limited to whether Petitioner's plea was knowing, intelligent, and voluntary.  *Broce*, 488 U.S. at 569.

In his *pro se* habeas petition, Petitioner does not challenge the existence of his prior convictions or claim that the plea was not knowingly, intelligently, and voluntarily made.  Rather, Petitioner claims his attorney was ineffective for acknowledging receipt of the habitual-offender notice prior to actual receipt of that notice.  A voluntary plea, however, waives all non-jurisdictional defects in the proceedings against a defendant, including claims of ineffective assistance of counsel, except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary.  *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (citation omitted).

At his plea hearing, after being sworn in, Petitioner indicated that he understood the charges, including his habitual-offender status, understood the sentencing agreement, understood the constitutional rights he was waiving, and entered a plea of no contest.  (*See* Plea Hr'g Tr. 3-21, Apr. 2, 2003.)  At that hearing, Petitioner also expressly acknowledged the prior felony convictions underlying his fourth-offense habitual offender status.  (*See* Plea Hr'g Tr. 21-23, Apr. 2, 2003.)  Accordingly, the Court concludes that this claim is waived by Petitioner's knowing, intelligent, and

voluntary plea.

Even if Petitioner's claim was not waived by his no-contest plea, the Court finds that Petitioner's ineffective assistance of counsel claim is without merit. To establish ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was deficient and (2) this deficiency prejudiced the defense. *Tinsley v. Million*, 399 F.3d 796, 802 (6th Cir. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In order to satisfy the deficient performance requirement, a petitioner must show that counsel's performance "'fell below an objective standard of reasonableness' as measured by 'prevailing professional norms.'" *Tinsley*, 399 F.3d at 802 (citing *Strickland*, 466 U.S. at 687-88). "Judicial review of the lawyer's performance must be 'highly deferential,' with 'a strong presumption' that a lawyer's conduct 'falls within the wide range of reasonable professional assistance.'" *Id.*

In order to satisfy the prejudice requirement, a petitioner must demonstrate a reasonable probability that the result of the trial would have been different but for counsel's mistakes. *Tinsley*, 399 F.3d at 802 (citing *Strickland*, 466 U.S. at 694). In the context of a plea, the petitioner must show "a reasonable probability that, but for counsel's errors he [or she] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (footnote omitted). A reasonable probability is one sufficient to undermine confidence in the outcome of a proceeding; "the focus should be on whether the result of the trial was 'fundamentally unfair or unreliable.'" *Tinsley*, 399 F.3d at 802 (citing *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

In this case, Petitioner is unable to establish prejudice. As the trial court explained, even if neither Petitioner nor counsel signed the acknowledgment, "the circuit court would simply have arraigned [Petitioner] at the designated time." *Gonzales*, No. 03-48412-FH, at *4. Simply put, there

8

was no possible effect on the outcome of the proceedings.

Furthermore, when reviewing a claim of ineffective assistance, the focus should be on the adequacy or inadequacy of counsel's actual performance, not a retrospective review of counsel's potential for improvement. *Coe v. Bell*, 161 F.3d 320, 342 (6th Cir. 1998) (citing *Sims v. Livesay*, 970 F.2d 1575, 1580 (6th Cir. 1992)). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Here, defense counsel was able to negotiate credit for time served and a cap on the potential maximum sentence, despite Petitioner committing these offenses while on parole. Given Petitioner's extensive criminal record, string of offenses, and having committed those offenses while on parole, it would appear defense counsel was effective.

Against that backdrop, the Court concludes that the state appellate courts' decisions are not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Petitioner is therefore not entitled to habeas relief on his ineffective assistance of counsel claim.

## B.  Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the habeas petition, the Court has studied the case record

9

and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072) (a district judge who has just denied a habeas petition has knowledge of both the record and the relevant law and is often best able to determine whether to issue the COA).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Here, the Court concludes that jurists of reason would not find the Court's assessment of the constitutional claim debatable or wrong. The Court declines to issue Petitioner a certificate of appealability. Nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*, as any

appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner's petition for writ of habeas corpus is

**DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue Petitioner a certificate of

appealability and leave to proceed on appeal *in forma pauperis*.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  January 8, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record and David Gonzales, Reg. No. 392863, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221 on January 8, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

11